UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| URIAH LAMAR BISER,<br><br>                Petitioner,<br><br>   v.<br><br>IDAHO STATE SUPREME COURT and NINTH CIRCUIT,<br><br>                Respondents. | Case No. 1:24-cv-00599-DKG<br><br>**INITIAL REVIEW ORDER** |

      Petitioner Uriah Lamar Biser has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions in three separate cases. *See* Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

### REVIEW OF PETITION

**1.     Standard of Law for Review of Petition**

      Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine

INITIAL REVIEW ORDER - 1

whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Because all of the facts and grounds for relief must be included in the petition, the Court—and Respondent—need not consider allegations or arguments set forth in other documents. *See Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 (D. Idaho Sept. 27, 2018) (unpublished) ("The Court was not required to meticulously search through the many documents Petitioner submitted with his Petition. Instead, it was entitled to rely on the habeas Petition itself to contain all of the information necessary to adjudicate that Petition.").

**2.   Discussion**

In three separate cases in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of battery on a police officer, eluding, two counts of possession of a controlled substance, and possession of paraphernalia.

The instant Petition asserts two vague claims. In Claim 1, Petitioner asserts violations of his rights based on the "burden of proof," "foul play," "miscarriage," and "negligence." Dkt. 3 at 2. Claim 2 includes similar language with the addition of "due process" and a brief reference to the Eighth Amendment. *Id*. These bare invocations of the Due Process Clause and the Eighth Amendment, the only federal provisions asserted

with respect to either claim, are insufficient to identify the alleged violations.[1] A habeas claim must identify the specific constitutional right alleged to have been violated and must include all supporting facts.

Here, the Petition includes no facts in support of either claim, other than an eight-page, single-paragraph narrative that does not clearly identify any particular facts in support of any particular claim. Further, the Petition is unclear as to which claims challenge which criminal conviction.

Moreover, Petitioner has not complied with Habeas Rule 2(d), which states that any § 2254 petition must "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This Court has adopted a local form for § 2254 petitioners. Therefore, within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Rule 2(d).

Ideally, Petitioner should file separate amended petitions as to each state court case he challenges, clearly identifying the convictions and case numbers applicable to each case. The Clerk of Court will be directed to provide Petitioner with this Court's forms for § 2254 petitions, and Petitioner is encouraged and expected to use those forms to draft any amended petition.

---

[1] In a separate section of the Petition, Petitioner appears to attempt to assert civil rights claims of violation of religious freedom, discrimination, and racial segregation. However, such claims do not "lie at the core of habeas corpus" and, therefore, "may not be brought in habeas corpus but must be brought, if at all," under 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

INITIAL REVIEW ORDER - 3

Finally, Petitioner has not named a proper respondent. Under Habeas Rule 2(a), the proper respondent in a habeas corpus action is the "officer who has custody" of the petitioner. In the ordinary case, this officer is "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Here, however, it appears Petitioner is in the legal custody of the Idaho Department of Correction ("IDOC") but is physically detained in the Ada County Jail. *See IDOC Resident/Client Search,* https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/137838 (accessed Jan. 24, 2025). Therefore, the appropriate respondent appears to be Josh Tewalt, the current director of the IDOC. *See Ziegler v. Washington*, No. C10-5263 BHS/KLS, 2010 WL 2331030, at *1 (W.D. Wash. June 10, 2010) (unpublished) ("Because [petitioner] is in custody pursuant to a Washington state court judgment, but is currently housed in an out-of-state prison, he should name Eldon Vail, Secretary of the Washington Department of Corrections as the respondent in his habeas petition.").

Petitioner will be allowed to amend his Petition to cure the above deficiencies.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has applied for in forma pauperis status. Good cause appearing, Petitioner's Application will be granted, which allows Petitioner to pay the filing fee when and as Petitioner can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's inmate trust account.

### REQUEST FOR APPOINTMENT OF COUNSEL

Because an amended petition is required for Petitioner to proceed, the Court will deny Petitioner's request for appointment of counsel without prejudice. Petitioner may renew the request for counsel in an amended petition.

### ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's inmate trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. Ideally, Petitioner should file separate amended petitions as to each state court case he challenges, clearly identifying the convictions and case numbers applicable to each case. Each claim must clearly indicate which state court conviction it challenges, must identify the particular constitutional right alleged to have been violated, and must contain specific supporting facts.

4. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be reassigned to a district judge for consideration of dismissal.

5. The Clerk of Court will provide Petitioner with three copies of the Court's form § 2254 petition, and Petitioner is encouraged and expected to use those forms in drafting any amended petition.

DATED: January 28, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge